UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL ORDWAY,

    Plaintiff,

vs.                                                       Case No. 13-13236

BANK OF AMERICA, N.A., BANK OF NEW          HON. AVERN COHN
YORK MELLON, as Trustee for the benefit
of the Certificateholders of the CWABS Inc.
Asset-Backed Certificates, Series 2007-9, and
UNKNOWN HOLDERS, the currently unknown
Certificateholders of the CWABS Inc. Asset-
Backed Certificates Series 2007-9,

    Defendants.
_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND (Doc. 9) AND GRANTING DEFENDANTS'
<u>MOTION TO SUPPLEMENT THE NOTICE OF REMOVAL (Doc. 11)</u>**[1]

**I. INTRODUCTION**

This is a case challenging foreclosure proceedings.  Plaintiff has named Bank of America, N.A. (BOA); Bank of New York Mellon (BNYM), as Trustee for the benefit of the CWABS Inc. Asset-Backed Certificates, Series 2007-9 (the Trust); and Unknown holders of the Trust as defendants.  The complaint asserts multiple claims, as follows:

| | |
|---|---|
| Count I | Declaratory Relief that the foreclosure violates MCL 600.3204(1) and (3) |
| Count II | Declaratory Relief that the foreclosure violates MCL 600.3204(4), 600.3205a, and 600.3205c |

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

| | |
|---|---|
| Count III | Breach of Contract |
| Count IV | Intentional Fraud |
| Count V | Constructive Fraud |
| Count VI | Tortious Interference with Contractual Relations |
| Count VII | Civil Conspiracy |
| Count VIII | Michigan's Regulation of Collection Practices Act |
| Count IX: | Accounting |

BOA and BNYM removed the case to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.

Before the Court is plaintiff's motion to remand (Doc. 9) and defendants' motion to supplement the notice of removal (Doc. 11). For the reasons that follow, plaintiff's motion will be denied and defendants' motion will be granted.

## II. BACKGROUND

On April 23, 2007, plaintiff obtained a loan from Countrywide Home Loans, Inc. (Countrywide) to finance the purchase of a home in Dearborn Heights. To secure payment of the loan, plaintiff granted a mortgage to Mortgage Electronic Systems Inc. (MERS), as nominee for the lender and the lender's successors and assigns. In 2011, MERS assigned the mortgage to BNYM. Plaintiff defaulted on the loan. Defendants initiated foreclosure proceedings. While proceedings were pending, on July 8, 2013, plaintiff filed the complaint in state court. Plaintiff also moved for and obtained a temporary restraining order (TRO). The state court issued an order to show cause.

The foreclosure sale was scheduled to take place on July 11, 2013. Because of a typographical error in the notice of foreclosure, defendants cancelled the scheduled

foreclosure the day before. No foreclosure proceedings are currently pending.

On July 29, 2013, BOA and BNYM removed the case to federal court. Plaintiff then filed the instant motion to remand. Defendants filed a motion to supplement the notice of removal.

### III. DISCUSSION

Plaintiff contends removal was improper because (1) the unknown Trust holders did not consent to removal; (2) defendants did not attach the TRO with the removal papers; and (3) defendants have not established that diversity jurisdiction exists because they have not stated in their removal papers the citizenship of the unknown Trust holders. Plaintiff's arguments lack merit. Each argument is addressed in turn below.

**A. Consent of the Unknown Trust Holders**

Plaintiff first contends that BOA and BNYM failed to comply with the rule of unanimity when removing this case to federal court because the Trust holders did not join the removal petition nor did they file a written consent to removal within thirty days of receipt of the summons and/or complaint. The rule of unanimity provides that "in order for notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003); *see also* 28 U.S.C. § 1446(b)(2)(A).

Defendants argue that the citizenship of the unknown holders is disregarded for diversity purposes because "the citizenship of unknown or fictitious defendants are not considered in the determination of diversity." *Alexander v. Elec. Data Sys. Corp.*, 870 F. Supp. 749, 751 (E.D. Mich. 1994). Defendants are correct. *See* 28 U.S.C. § 1441(b)(1)

("In determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded"); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse form that of the plaintiff's.").

In addition, plaintiff has not shown that the unknown holders were properly served and, therefore, could comply with the requirement to consent to removal.

A party may effectuate service of process pursuant to the law of the state in which the district court is located or pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e). Michigan law permits service of process to be made in any manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). Under the Federal Rules, a corporation may be served in the same manner for serving an individual or by delivering a copy of the summons and complaint to an officer or agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(2) allows a party to serve an individual by:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff filed a certificate of service stating that the "motion for preliminary injunction and order to show cause" was mailed to "Unknown Holders, c/o Bank of New York Mellon, as Trustee" at BNYM's headquarters in New York, NY. (Doc. 8). However, Plaintiff has not alleged facts that BNYM is the unknown Trustee, or that BNYM is aware of the identity

4

and contact information of the unknown holders. As the Court recently explained, mailing a copy of these documents is not "reasonably calculated" to give the unknown holders notice of plaintiff's lawsuit, nor does it comply with serving an individual or corporation under the Federal Rules of Civil Procedure. *See Anderson v. Bank of Am., N.A.*, No. 13-12834, 2013 WL 4670825, at *2 (E.D. Mich. Aug. 30, 2013).

Even if the unknown holders were named and properly served, their citizenship does not affect diversity jurisdiction; it is the citizenship of the trustee that applies. As another judge in this district has found after a survey of the law, a trust is a citizen of the state in which the trustee is a citizen. *Gen. Ret. Sys. of the City of Detroit v. UBS, AG, UBS Securities, LLC*, No. 10-13920, 2010 WL 5296957, at *4 (E.D. Mich. Dec. 20, 2010). As stated in the notice of removal, BNYM, the trustee of the Trust, is a citizen of New York. Thus, the Trust is also a citizen of New York.

For these reasons, the consent of the unknown Trust holders was not required for removal and their citizenship is to be disregarded for purposes of diversity jurisdiction.

## B. Attachment of TRO to Removal Papers

Second, plaintiff says that removal was improper because defendants did not attach copies of the entire state court record. Particularly, plaintiff says that defendants did not attach the state court's TRO and order to show cause.

A defendant who wants to remove a case must file a notice of removal within thirty days that includes "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a)-(b). This requirement applies only to those papers that were served on defendants in state court. *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (citing 28 U.S.C. § 1446(a)).

Here, plaintiff says that defendants were served with the TRO and order to show cause on July 11, 2013. Accepting this as true, defendants' failure to include these documents in the notice of removal does not warrant remand. "[A] totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011 (collecting authority). In addition, defendants have added these documents in their motion to supplement the notice of removal. Thus, this argument is not grounds for remand.

### C. Diversity of Citizenship

Finally, plaintiff says that the case should be remanded because defendants have not met their burden of establishing that diversity jurisdiction exists. Plaintiff is wrong.

In the Notice of Removal, defendants allege that plaintiff is a citizen of Michigan, BOA is a citizen of North Carolina, and BNYM is a citizen of New York. Defendants further allege that the amount in controversy is satisfied because the amount of the loan at issue is $144,000. Plaintiff does not dispute any of these allegations.

Further, because the unknown Trust holders' citizenship is irrelevant for the reasons stated above, defendants were not required to make any jurisdictional allegations as to them.

### IV. CONCLUSION

For the reasons stated above, plaintiff's motion to remand is DENIED and defendants' motion to supplement the notice of removal is GRANTED.[2]

---

[2] Defendants also recently filed a motion to dismiss (Doc. 17). The Court will address the motion after it is fully briefed.

13-13236 Crystal Ordway v. Bank of America

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 8, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 8, 2013, by electronic and/or ordinary mail.

  S/Sakne Chami
Case Manager, (313) 234-5160