UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL ORDWAY,

    Plaintiff,

vs.                                                          Case No. 13-13236

BANK OF AMERICA, N.A., BANK OF NEW        HON. AVERN COHN
YORK MELLON, as Trustee for the benefit
of the Certificateholders of the CWABS Inc.
Asset-Backed Certificates, Series 2007-9, and
UNKNOWN HOLDERS, the currently unknown
Certificateholders of the CWABS Inc. Asset-
Backed Certificates Series 2007-9,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (Doc. 17) AND DISMISSING CASE**[1]

**I. INTRODUCTION**

This is another one of many cases in this district challenging foreclosure proceedings. Plaintiff has named Bank of America, N.A. (BOA); Bank of New York Mellon (BNYM), as Trustee for the benefit of the CWABS Inc. Asset-Backed Certificates, Series 2007-9 (the Trust); and Unknown holders of the Trust as defendants. The complaint asserts multiple claims, as follows:

    Count I        Declaratory Relief that the foreclosure violates MCL 600.3204(1) and
                        (3)

    Count II       Declaratory Relief that the foreclosure violates MCL 600.3204(4),
                        600.3205a, and 600.3205c

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count III      Breach of Contract

    Count IV      Intentional Fraud

    Count V       Constructive Fraud

    Count VI      Tortious Interference with Contractual Relations

    Count VII     Civil Conspiracy

    Count VIII    Michigan's Regulation of Collection Practices Act

    Count IX:     Accounting

BOA and BNYM removed the case to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.

Now before the Court is defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 17).

After the motion was filed, plaintiff filed a notice of voluntary dismissal of counts I (Declaratory Relief that the foreclosure violates MCL 600.3204(1) and (3)), VIII (Michigan's Regulation of Collection Practices Act) and IX (Accounting) under Fed. R. Civ. P. 41(a)(1)(A)(i). (Doc. 20). Accordingly, counts I, VIII and IX are DISMISSED WITHOUT PREJUDICE.[2]

---

[2] In their reply brief, defendants argue that the plaintiff should not be permitted to voluntarily dismiss her claims without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). Under Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may dismiss an "action" without court order by filing a notice of dismissal. Defendants, relying on a Sixth Circuit case and a case from the Northern District of Ohio, say that plaintiff cannot dismiss certain claims without prejudice but must instead dismiss the entire "action." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Sheet Metal Workers v. Courtad, Inc.*, No. 5:12-cv-2738, 2013 WL 3893556, at *4 (N.D. Oh. July 26, 2013). The Court disagrees. The cases cited by defendants are inapposite. These cases hold that Fed. R. Civ. P. 41(a)(1)(A)(i) cannot be used to dismiss an action against some but not all defendants in an action. That is not the case here. Here, plaintiff wants to dismiss some of the claims in her complaint against *all* of the defendants. She is the master of her complaint

In addition, for the reasons that follow, defendants' motion to dismiss is GRANTED and the remaining claims are DISMISSED WITH PREJUDICE. This case is DISMISSED.

## II. BACKGROUND

On April 23, 2007, plaintiff obtained a $144,000 loan from Countrywide Home Loans, Inc. (Countrywide) to finance the purchase of a home located at 5704 Huron Street, Dearborn Heights, MI 48125. To secure payment of the loan, plaintiff granted a mortgage to Mortgage Electronic Systems Inc. (MERS), as nominee for the lender and the lender's successors and assigns. The mortgage was recorded with the Wayne County Register of Deeds, Liber 46291, Page 166.

In 2011, MERS assigned the mortgage to BNYM. The assignment was recorded with the Wayne County Register of Deeds, Liber 49249, Page 206.

Plaintiff defaulted on the loan. Defendants initiated foreclosure proceedings. While proceedings were pending, on July 8, 2013, plaintiff filed the complaint in state court. Plaintiff also moved for and obtained a temporary restraining order (TRO). The state court issued an order to show cause.

---

and is permitted to do so. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (recognizing that "plaintiff is the master of his complaint") (citation omitted).

Defendants' concern that plaintiff may bring the same claims in a subsequent action are alleviated because plaintiff's voluntary dismissal of these claims is not without consequence. *Page Plus of Atlanta, Inc. v. Owl Wireless*, ___ F.3d ___, 2013 WL 5779699, at *3 (6th Cir. 2013) ("[A] voluntary dismissal comes at a cost. When voluntarily dismissing a claim, a party assumes the risk that the statute of limitations, any applicable preclusion rules or any other defenses might bar recovery on the claim."). In addition, if defendants are concerned that the voluntary dismissal of these claims is an attempt to multiply the proceedings, they have the ability to seek sanctions personally against plaintiff's lawyer under 28 U.S.C. § 1927 in a future filed case.

Whether plaintiff's notice under Fed. R. Civ. P. 41(a)(1)(A)(i) is sufficient standing alone to dismiss counts I, VIII, and IX without prejudice is immaterial. The counts are nonetheless dismissed without prejudice by way of this order.

3

The foreclosure sale was scheduled to take place on July 11, 2013. Because of a typographical error in the notice of foreclosure, defendants cancelled the scheduled foreclosure the day before. No foreclosure proceedings are currently pending, but defendants say that foreclosure is likely.

On July 29, 2013, BOA and BNYM removed the case to federal court. The Court denied plaintiff's motion to remand. (Doc. 19).

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

**A. Declaratory Relief that the foreclosure violates MCL 600.3204(4), 600.3205a, and 600.3205c (Count II)**

In count II, plaintiff seeks conversion of foreclosure by advertisement proceedings to a judicial foreclosure based on an alleged violation of Michigan's mortgage loan modification statute, Mich. Comp. Laws § 600.3205. Particularly plaintiff says that defendants improperly proceeded with foreclosure by advertisement without meeting with her to determine whether she qualified for a loan modification. This claim fails for multiple reasons.

First, the most obvious reason why this claim fails is because foreclosure by advertisement proceedings are not currently pending. Therefore, there is nothing to convert to a judicial foreclosure. As the Court has previously explained:

> The statutes include a specific enforcement mechanism that provides the borrowers with an opportunity to request judicial foreclosure if the foreclosing party does not comply with the loan modification provisions. M.C.L. § 600.3205c(8). However, plaintiffs have not requested a judicial foreclosure. Unless the borrower files a complaint seeking such relief, which plaintiffs have not done, nothing prevents the lender from foreclosing. *Id.*

*Dingman v. OneWest Bank, FSB*, 859 F. Supp.2d 912, 922 (E.D. Mich. 2012). Like

*Dingman*, plaintiff has not filed a complaint seeking to convert foreclosure by advertisement to a judicial foreclosure. Nor could she, as there are no pending proceedings.

Second, even if foreclosure by advertisement proceedings were pending–as defendants admit they will soon be–and plaintiff requested to convert the proceedings to a judicial foreclosure, her claim that defendants initiated foreclosure proceedings without meeting with her to discuss loan modification options has no merit. Plaintiff's contention that defendants failed to meet with her to discuss whether she qualified for a loan modification is belied by the evidence showing that plaintiff was offered a trial modification plan on three separate occasions, including one that would reduce her debt by more than $86,000.[3]

## B. Breach of Contract (Count III)

In count III, plaintiff argues that defendants breached the mortgage agreement by failing to credit her for payments she made to pay taxes and insurance. Plaintiff contends that the agreement authorized defendants to bill plaintiff for principal, interest, taxes and insurance, and to utilize her funds to pay the taxes and insurance subject to a credit.

"A party claiming a breach of contract must establish by a preponderance of the evidence (1) that there was a contract, (2) that the other party breached the contract and,

---

[3] Plaintiff says that the documents related to the trial loan modification offers cannot be considered on a motion to dismiss. She is wrong. In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies which are appended to the motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court can properly consider the trial loan modification offers in ruling on the motion to dismiss without converting the motion to one for summary judgment.

(3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Const., Inc. (On Remand)*, 296 Mich. App. 56 (2012) (citations omitted). Plaintiff's conclusory allegations in the complaint fail to satisfy her burden of stating a claim upon which relief can be granted. The complaint simply states that "Defendants, by their conduct as described herein, have breached these requirements of the contract, by failing to credit Plaintiff for payments made, and by foreclosing instead of cleaning up their own mistake." (Doc. 1-2 at 33, Compl. at ¶ 140). Plaintiff, however, fails to allege any facts stating what payments were made, to who the payments were made, how they were supposed to be credited, and how they are mistakes. Therefore, under *Iqbal* and *Twombly*, Plaintiff has failed to state a breach of contract claim upon which relief can be granted.

Plaintiff's response brief also contends that defendants breached the mortgage by telling plaintiff that she had to default on her loan obligations in order to be considered for a loan modification. Plaintiff fails to explain how this is a breach of contract by defendants. Plaintiff's failure to pay her loan obligation is a breach of the contract initiated by her, not defendants.

**C. Intentional and Constructive Fraud (Counts IV and V)**

In counts IV and V, plaintiff claims that defendant "Bank of America lied to and otherwise defrauded Plaintiff, by informing her that the only way to fully qualify for modification would be to intentionally fall behind on the [m]ortgage, and fed her lies based around the false narrative that a default of the [m]ortgage is a pre-condition to modification." (Doc. 21 at 12, Pl's. Resp. Br.). In addition, plaintiff claims that BOA's representatives lied to her by continuously telling her that they had not received her loan modification

documentation, a process plaintiff refers to as "Paperwork Hell."

Under Michigan law, to prove a claim of fraudulent misrepresentation or common law fraud, Plaintiff must satisfy six elements:

> (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 280 Mich. App. 297, 403 (2008) (citations omitted).

Plaintiff's fraud claims fail as a matter of law. She has not alleged any specific misrepresentations made by defendants that would satisfy the particularity requirements of Fed. R. Civ. P. 9(b). In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted). The allegations in plaintiff's complaint patently fail to meet the particularity requirements of Rule 9(b). Plaintiff has not identified the allegedly false statements that were made. She generally argues that statements were made by BOA's representatives, but cannot point to any specific statements. These allegations are conclusory.

In addition, the allegations in the complaint are directly contradicted by the fact that plaintiff was offered a loan modification on three occasions. She is the one who chose not to accept any of the offers. For these reasons, plaintiff's fraud claims fail as a matter of law.

**D. Tortious Interference With Contractual Relations (Count VI)**

In count VI, plaintiff says that defendants tortiously interfered with her contractual relations.

The Court has explained:

> To state a claim for intentional interference with contractual relations plaintiff[] must plead "(1) a contract, (2) a breach, and (3) an unjustified instigation of the breach by the defendant." *Mahrle v. Danke*, 216 Mich. App. 343, 350 (1996). Similarly, tortious interference with a business relation requires: "the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted." *Woody v. Tamer*, 158 Mich. App. 764, 778 (1987) (internal quotations omitted). "[O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Formall, Inc. v. Community Nat'l Bank of Pontiac*, 166 Mich. App. 772, 779 (1988) (internal quotations omitted). Further, "a plaintiff must demonstrate, with specificity, affirmative acts by the interferer which corroborate the unlawful purpose of the interference." *Id.* at 779; *see also Henslee, Monek, & Henslee v. D.M. Central Transp., Inc.*, 870 F. Supp. 765, 766 (E.D. Mich. 1994).

*Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *4 (E.D. Mich. Feb. 16, 2012).

The complaint fails to state how defendants breached any contract with plaintiff. Plaintiff's complaint alleges that "[t]he Trustee and Holders" who plaintiff admits "are not parties to the contract [the mortgage]" interfered with plaintiff's relationship with Countrywide Mortgage. Plaintiff's complaint fails to state any action taken by defendants. Thus, the tortious interference claim fails as a matter of law.

Moreover, plaintiff has not established the breach of any contract. The only breach of contract is plaintiff's breach in failing to repay her loan obligation.

9

**E. Civil Conspiracy (Count VII)**

In count VII, plaintiff claims a civil conspiracy by defendants to violate the Fair Debt Collection Practices Act.  This claim has no merit.

First, a conspiracy requires allegations to be stated with some specificity.  *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004).  Here, plaintiff has failed to plead any specific allegations with respect to the purported conspiracy.

Second, a conspiracy cannot stand alone as a cause of action; there must be an underlying viable tort claim.  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (2003) ("[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.") (internal quotations omitted).  As explained above, plaintiff has not stated any separate viable tort claim.  Accordingly, her civil conspiracy claim fails as a matter of law.

## V. CONCLUSION

For the reasons stated above, defendants' motion to dismiss was granted.

SO ORDERED.

         s/Avern Cohn
        UNITED STATES DISTRICT JUDGE


Dated:  November 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2013, by electronic and/or ordinary mail.

         s/Carol Bethel for Sakne Chami
        Case Manager, (313) 234-5160